# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH LEONARD KAYLOR, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-33-GZS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant* | ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner supportably found the plaintiff, who alleges that he is disabled by degenerative disc disease of the spine, osteoarthritis of the hip, obesity, and depression, capable of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further proceedings.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2011, Finding 1, Record at 10; that he had severe impairments of degenerative disc disease of the spine, early osteoarthritis of the right hip, and obesity, Finding 3, *id.*; that he retained the residual

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 17, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that he was limited to unskilled, routine, repetitive tasks, needed a sit/stand option for position change at will, was limited to occasional climbing of ramps and stairs and occasional stooping, kneeling, and crouching, could never crawl, should have no repetitive twisting/turning of his head and neck, should have no fixed hyperextension of his neck, could not climb on ladders, ropes, and scaffolds, and needed a cane for ambulating, Finding 5, *id*. at 12; that, considering his age (a younger individual both as of the alleged disability onset date, April 1, 2007, and the date of the decision, September 15, 2009), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 15-16; and that he, therefore, was not disabled, as defined in the Social Security Act, from his alleged onset date of disability through the date of the decision, Finding 11, *id*. at 17. The Decision Review Board failed to review the decision within 90 days, making the decision the final determination of the commissioner, *id*. at 1-3; 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than

his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Steps 2 and 4 of the sequential process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

At Step 4, the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520(f)); *Bowen*, 482 U.S. at 146 n.5. At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## I. Discussion

The plaintiff asserts that the administrative law judge erred in (i) failing to assess the effects of his obesity as required by Social Security Ruling 02-1p ("SSR 02-1p"), (ii) arriving at an RFC assessment unsupported by substantial evidence, (iii) deeming his depression non-severe, and (iv) failing to specify the frequency of his need to sit and stand, in violation of Social Security Ruling 96-9p ("SSR 96-9p"). *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 9) at 2-9. At oral argument, the plaintiff's counsel withdrew the fourth point of error, acknowledging that subsequent to his filing of the Statement of Errors, this court rejected an identical argument. *See Cutting v. Astrue*, Civil No. 09-423-P-S, 2010 WL 2595144, at *3 (D. Me. June 23, 2010) (rec. dec., *aff'd* July 15, 2010). I conclude, and recommend that the court find, that reversal and remand are warranted on the basis of the first two points of error. I briefly discuss the remaining point of error, which I find does not independently warrant reversal and remand.

### A. Obesity

The plaintiff complains that, although the administrative law judge found that he suffered from a severe impairment of obesity, she failed to assess its impact, in contravention of SSR 02-1p. *See* Statement of Errors at 2-4; *see also* SSR 02-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2010), at 257 ("An assessment should . . . be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. . . . In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea."), 257 n.5 ("The combined effects of obesity with other

4

impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.").

At oral argument, counsel for the commissioner contended that (i) the administrative law judge set forth with sufficient clarity the role that obesity played in causing limitations, and (ii) the plaintiff identified only hypothetical ways in which his obesity might have affected his functioning rather than pointing to any record evidence that it did.

With respect to the first point, counsel for the commissioner identified no portion of the challenged decision identifying functional effects of the plaintiff's obesity, and I find none.[2] The finding of a severe impairment of obesity necessarily meant that the plaintiff's obesity was determined to cause more than a slight limitation in work-related function. *See, e.g., McDonald*, 795 F.2d at 1124. In contravention of SSR 02-1p, the administrative law judge failed to describe how obesity affected the plaintiff's RFC.

With respect to the second point, I conclude that, in these circumstances, the *plaintiff's* failure to identify record evidence of specific functional deficits does not render the error harmless. The administrative law judge's determination that the plaintiff's obesity was severe necessarily meant that *she* independently found it to impose work-related functional limitations. *See, e.g., id*. In the absence of any meaningful specification of those limitations, it is impossible to determine whether she incorporated them into her RFC determination or whether their absence, if any, from that determination was harmless error. This requires reversal and remand. *See, e.g., Dewitt v. Astrue*, 381 Fed. Appx. 782, 785-86 (10th Cir. 2010) (remanding case to

---

[2] The administrative law judge did mention that the plaintiff had gained 50 pounds in 2007, "which might have led to increased difficulty with walking and moving about." Record at 14 (citation omitted). However, she never clarified to what extent, if any, she assessed functional limitations on the basis of his weight.

5

ensure compliance with SSR 02-1p when administrative law judge found severe impairment of obesity but did not indicate how or whether the claimant's obesity influenced RFC determination); *Diaz v. Commissioner of Soc. Sec.*, 577 F.3d 500, 504-05 (3d Cir. 2009) (remanding case when administrative law judge found severe impairment of obesity but failed to analyze its functional effects, impeding judicial review; noting: "Surely the ALJ, having recognized obesity as an impairment, should determine in the first instance whether, and to what extent, [the claimant's] obesity, in combination with her [other impairments], impacted her workplace performance.") (footnote omitted); *Centeno v. Commissioner of Soc. Sec.*, Civil No. 09-6023 (AET), 2010 WL 5068141, at *3-*4 (D.N.J. Dec. 6, 2010) (remanding case for specification of manner in which obesity impairment, found by administrative law judge to be severe, impacted a claimant's functioning, despite commissioner's argument that remand was unnecessary because claimant had not specified how her obesity further impaired her ability to work).

### B. RFC Assessment

As the plaintiff correctly notes, *see* Statement of Errors at 4-5, although administrative law judges are not precluded from "rendering common-sense judgments about functional capacity based on medical findings," they are "not qualified to assess residual functional capacity based on a bare medical record[,]" *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). *See also, e.g., Eshelman v. Astrue*, No. 06-107-B-W, 2007 WL 2021909, at *3 (D. Me. July 11, 2007) (rec. dec., *aff'd* July 31, 2007) ("While the First Circuit does permit an administrative law judge to pick and choose among physicians' findings and opinions, it does not permit the crafting of an RFC based on the raw medical evidence of record

6

unless common-sense judgments about functional capacity can be made.") (citations, internal quotation marks, and footnote omitted).

The administrative law judge gave little weight to the sole Disability Determination Services ("DDS") expert physical RFC assessment of record, that of J.H. Hall, M.D., dated January 31, 2008, reasoning that subsequent evidence supported greater limitations than assessed by Dr. Hall. *See* Record at 14, 275-82. She gave some weight to two RFC opinions of the plaintiff's treating physician, Patrick J. Connolly, M.D., but not controlling weight because, in her view, his opinions were not consistent with his own treatment notes, other medical records, and the overall evidence. *See id.* at 14, 373-77 (RFC opinion dated July 21, 2009), 393-97 (undated RFC opinion).

While, as noted above, an administrative law judge may pick and choose among portions of expert opinions, in this case, the administrative law judge arrived at substantive RFC findings that are both unsupported by any expert opinion of record and not susceptible of common sense judgments. Most notably, with respect to the plaintiff's capacity to lift and/or carry, sit, stand, and walk, she rejected both Dr. Hall's and Dr. Connolly's opinions. *Compare* Finding 5, *id.* at 12; 20 C.F.R. § 404.1567(a) (plaintiff capable, with modifications, of performing sedentary work, defined as entailing lifting no more than 10 pounds at a time, frequently lifting and carrying lighter objects, sitting, and occasionally standing and walking) *with* Record at 276 (plaintiff capable, per Dr. Hall, of occasionally lifting/carrying up to 20 pounds and frequently lifting/carrying up to 10 pounds, sitting for about six hours in an eight-hour workday, and standing/walking for about six hours in an eight-hour workday), 375-76, 395-96 (plaintiff capable, per Dr. Connolly, of lifting/carrying less than 10 pounds occasionally, never

7

lifting/carrying 10 pounds, sitting for less than two hours in an eight-hour workday, and standing/walking for less than two hours in an eight-hour workday).³

In rejecting the Hall RFC opinion as overestimating the plaintiff's functional capacities and the Connolly RFC opinion as underestimating them, the administrative law judge necessarily crafted an RFC assessment in part from her own assessment of the raw medical evidence. That evidence included a June 29, 2009, note of F. Alan Hull, PA-C, and John Pier, M.D., of Maine Medical Partners Neurosurgery & Spine, reflecting an examination of the plaintiff on referral from Dr. Connolly for evaluation of increasing pain in his thoracic and lumbar regions as well as leg and neck pain, *see id*. at 386, and a radiologist's interpretation of a July 2, 2009, MRI thoracic spine study ordered by PA-C Hull, revealing spondylosis at the T6-7 and T7-8 levels and a central disc herniation of T6-7 of moderate size that slightly indented the anterior surface of the spinal cord without causing cord compression or myelopathy, *see id*. at 384-85. The radiologist recommended that the latter finding be correlated with clinical findings to determine its significance. *See id*. at 385. As the plaintiff observes, *see* Statement of Errors at 5, in discussing this MRI result, the administrative law judge omitted mention of the seemingly significant notation of a slight indentation of the spinal cord and recommendation of correlation with clinical findings, *see* Record at 14, suggesting that, to the extent she based her RFC determination on the MRI report, she may have misconstrued its significance.⁴

---

³ At oral argument, counsel for the commissioner pointed out that certain components of the administrative law judge's RFC finding were supported by expert opinions, stating that the finding of a need for a sit-stand option is supported by the opinion of Dr. Connolly and the finding of limitations on climbing ramps and stairs and on stooping, kneeling, and crouching is supported by the opinion of Dr. Hall. She argued that, while no expert opinion supports the finding of limits on climbing ropes, scaffolds, and ladders, it is a finding generous to the plaintiff and, hence, cannot be reversible error. As noted above, however, other specific RFC findings, less generous to the plaintiff than those found by Dr. Connolly, are unsupported by any expert opinion of record.

⁴ At oral argument, counsel for the commissioner cited *Simpson v. Astrue*, Civil No. 09-399-P-H, 2010 WL 2595165 (D. Me. June 23, 2010) (rec. dec., *aff'd* July 22, 2010), for the proposition that a mere reference to an MRI report submitted subsequent to an expert RFC opinion does not indicate that an administrative law judge impermissibly
*(continued on next page)*

At bottom, the administrative law judge's RFC determination is not supported by substantial evidence. She accordingly erred in relying at Step 5 on testimony of a vocational expert elicited in response to that flawed RFC formulation. *See Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (opinion of vocational expert relevant only to extent offered in response to hypotheticals that correspond to medical evidence of record). In the circumstances, the commissioner cannot carry his Step 5 burden, warranting reversal and remand.[5]

### C. Depression

The plaintiff finally complains that the administrative law judge erred in deeming his depression non-severe. *See* Statement of Errors at 8-9. He notes that Dr. Connolly described his depression at various points as flaring or uncontrolled, and Dr. Pier and PA-C Hull of Neurosurgery & Spine stated that he "appear[ed] to have severe depression" for which "aggressive treatment" was advised. *See id.* at 8; *see also* Record at 343, 357, 389.

The administrative law judge supportably arrived at a determination that the plaintiff's depression was non-severe. On April 2, 2007, Dr. Connolly administered a questionnaire indicating that the plaintiff had minimal symptoms and no reported functional impairment from

---

translated that report into RFC findings. *See Simpson*, 2010 WL 2595165, at * 3 ("It is not possible to tie this mere noting of the results of the MRI to any specific limitation included in the [RFC] assigned by the administrative law judge. . . . Certainly, the mere presence of an MRI report in a much larger field of medical evidence is not enough to invalidate an administrative law judge's conclusions on the basis presented here."). *Simpson* is distinguishable. In *Simpson*, the administrative law judge had stated that she had imposed limitations beyond those found in a DDS RFC opinion based not only on subsequent medical records but also on credible aspects of the testimony. *See id.* at *2. Here, the administrative law judge stated that she imposed limitations beyond those detailed in the Hall RFC opinion based solely on subsequent evidence. *See* Record at 14. Regardless of whether, in this case, she based those additional limitations on the MRI report, on other later submitted evidence, or on a combination of both, she necessarily interpreted raw medical evidence to arrive at them.

[5] The plaintiff also argued that the administrative law judge's RFC determination was flawed by mischaracterization of the evidence. *See* Statement of Errors at 6-7. At oral argument, counsel for the commissioner acknowledged that the evidence was mischaracterized in certain respects but argued that these mischaracterizations had no apparent impact on the RFC finding. The plaintiff indeed fails to illuminate how the identified mischaracterizations impacted the RFC determination. *See id*. Thus, he falls short of showing that reversal and remand are warranted on the basis of this point, standing alone.

depression. *See id*. at 371. As of November 13, 2007, Dr. Connolly noted that the plaintiff was complaining of thoughts of suicide and depression, assessing his depression as "not controlled[.]" *Id*. at 356-57. He prescribed an increase in the plaintiff's dosage of Prozac and referred him for counseling. *See id*. at 357. As of December 18, 2007, the plaintiff was noted to have seen a Dr. Harrison one time, to be feeling better overall, to have acquired a new cat, which he found helpful, and to have no suicidal thoughts. *See id*. at 353. On February 4, 2008, his depression was noted to be "flaring" as a result of an increase in his physical pain, and Dr. Connolly noted an intention to address the depression problem more thoroughly at the next visit. *See id*. at 342-43. However, no mention is made of depression in the final three Connolly office notes of record, reflecting visits on February 20, 2008, April 30, 2008, and May 8, 2008. *See id*. at 328-29, 333-34, 338-40. In a June 29, 2009, office note, Dr. Pier and PA-C Hull did state that the plaintiff appeared to have severe depression, for which they advised aggressive treatment. *See id*. at 389. However, Dr. Pier and PA-C Hull specialize in neurosurgery and spine issues, not mental health issues, and there is no indication of any mental health treatment by Dr. Connolly or any other provider after February 4, 2008.

Finally, the sole expert assessment of record of the severity of the plaintiff's depression, a Psychiatric Review Technique form dated February 1, 2008, completed by DDS nonexamining psychologist Scott W. Hoch, Ph.D., supports the administrative law judge's finding. *See id*. at 296-308. Although Dr. Hoch apparently did not have the benefit of Dr. Connolly's office notes for the time period after December 2007, *see id*. at 308, there is no reason to believe that either Dr. Connolly's later notes or the comments of Dr. Pier and PA-C Hull would have altered his assessment.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be *VACATED* and the case *REMANDED* for further proceedings consistent herewith.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge